UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

**LINDA HOVORKA,** Individually and on behalf
of all others similarly situated

    Plaintiffs,

v.

**SELECT REHABILITATION, LLC,**

    Defendant

Case Number: 1:23-cv-05192

CLASS AND COLLECTIVE ACTION

_____/

## BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S HYBRID CLASS ACTION AND FLSA SECTION 216B COLLECTIVE ACTION COMPLAINT FOR VIOLATIONS OF ILLINOIS OVERTIME WAGE LAWS AND THE FLSA

Defendant Select Rehabilitation, LLC ("Select"), by its attorneys, Walker Morton, LLP and Foley & Lardner, LLP, respectfully moves this Court to dismiss this action filed by Plaintiff Linda Hovorka ("Hovorka") under the First-Filed Rule.[1]

### INTRODUCTION

Hovorka is forcing Select to litigate essentially the same case in two places at once. If this case stands, she would have Select simultaneously litigating both a Fair Labor Standards Act

---

[1] Dismissals under the First-Filed Rule are generally grounded in the Court's inherent authority to administer its docket and promote judicial economy. *See, e.g., Hecker v. Petco Animal Supplies, Inc.,* 2017 WL 2461546, *2 (N.D. Ill. June 7, 2017)(noting that the first-filed rule "maintains a separate existence within a district court's inherent authority to promote judicial efficiency."); *Ridge Gold Std. Liquors, Inc. v. Joseph E. Seagrams & Sons., Inc.*, 542 F. Supp. 1210, 1214 (N.D. Ill. 1983)("[A] federal suit may be dismissed for reasons of wise judicial administration, as a general rule, wherever it is duplicative of a parallel action already pending in another court."). Some courts cite Fed. R. Civ. P. 12(b)(6) as a basis for dismissals under the First-Filed Rule. However, the Seventh Circuit has suggested Rule 12(b)(6) does not strictly apply here. *See Wallis v. Fifth Third Bank*, 443 F. Appx 202, 205 (7th Cir. 2011). Therefore, Select includes Rule 12(b)(6) as a basis for this Motion only to the extent necessary.

("FLSA") collective action and a Rule 23 class action in two federal Districts, based on the same facts. In both places, she is represented by the same counsel.

Hovorka is presently an opt-in plaintiff in *McLaughlin v. Select Rehabilitation, LLC*, Case No. 3:22-cv-00059-HES-MCR (M.D. Fla.)("*McLaughlin*"), which has been pending in the U.S. District Court for the Middle District of Florida ("MD FLA") since January 18, 2022.[2] It is a "hybrid" suit consisting of a national FLSA collective action and an Illinois Rule 23 class action based on the Illinois Minimum Wage Law, 820 ILCS 105/4a ("IMWL"). Both cases assert that Select, a contract therapy services provider, purportedly knew that its therapists were working overtime "off the clock" and that Select had a "de facto" policy requiring this. (Select strenuously denies this).[3] The only apparent difference between *McLaughlin* and this case is that *McLaughlin* includes claims on behalf of Program Managers ("PMs") and Directors of Rehab ("DoR"), in addition to those of therapists, while this suit brought by Hovorka includes only therapists within her defined class. In other words, *McLaughlin* includes the entire putative class in this case, but also is broader than that.

Hovorka opted into the *McLaughlin* FLSA class on August 3, 2023, four days before she filed this suit. Since that time, Hovorka has moved the *McLaughlin* Court to make her an additional named plaintiff and class representative, having filed a motion for leave for such relief on August 23, 2023, well after she filed this case. (Doc.239).[4]

---

[2] Hovorka's filing to become an opt-in in *McLaughlin* is attached as Ex.1. The Court may take judicial notice of filings in other federal cases as part of motion to dismiss. *See Walsh v. Arrow Fin. Servs., LLC*, 2012 WL 255802, *1 (N.D. Ill. Jan. 27, 2012)("In addition, orders entered and filings made in other courts are subject to judicial notice on a Rule 12(b)(6) motion.")(citing *Cancer Found., Inc. v. Cerberus Cap. Mgmt., L.P.*, 559 F.3d 671, 676 n.2 (7th Cir. 2009) and *U.S. v. Stevens*, 500 F.3d 540, 542 (7th Cir. 2007)).
[3] To eliminate any doubt, Select unequivocally denies that it engaged in any wrongdoing whatsoever. Select has filed an answer in *McLaughlin* in which it denies each substantive allegation and asserts affirmative defenses. (Doc. 104). "Doc." refers to the docket number of the filing in the *McLaughlin* case. For ease of reference, the Second Amended Complaint in *McLaughlin*, the operative complaint, is attached as Ex. 2. "Dkt." will refer to filings in this lawsuit.
[4] Motion (without exhibits) attached as Ex. 3.

2

This case is a textbook example of the need for the First-Filed Rule. If Hovorka is allowed to proceed here, it will exponentially increase Select's costs. The burdens on an employer in litigating a nationwide FLSA class are obvious, and it will double those. It will interfere with Select's employees who are therapy service providers, who already have received solicitations from Plaintiffs' counsel and notice in the *McLaughlin* case, and may receive duplicate notice in this case should it be allowed to proceed. To permit this lawsuit to proceed would also prolong litigation, as *McLaughlin* has a 20-month head start. It further would create the possibility of inconsistent results and potentially give Hovorka and those she seeks to represent here a second bite at the apple, should they be unhappy with *McLaughlin's* progress or outcome.

In addition to the First-Filed doctrine, principles of comity warrant dismissal here, as the Eleventh Circuit generally and MD FLA in particular follow the First-Filed Rule and frown on duplicate litigation proceeding. Thus, this Court should not permit a claim to go forward that the MD FLA, home of the first-filed case, would not allow.

There is no valid reason for any of this and Hovorka provides none in her Complaint. Thus, this case should be dismissed with prejudice under Fed. R. Civ. P. 12 and, in light of the vexatious and frivolous filing at issue, Hovorka's counsel should be ordered to pay Select's attorney's fees and expenses associated with this Motion pursuant to 28 U.S.C. §1927.

## BACKGROUND

### A. *McLaughlin* Is The First-Filed Action, And Raises FLSA And IMWL Class Claims

On January 18, 2022, Christine McLaughlin filed the McLaughlin suit in the MD FLA Jacksonville Division. In February 2022, two additional named plaintiffs joined the suit—Crystal Vanderveen and Justin Lembke. (Doc. 16). Together, they seek to bring an FLSA claim pursuant to 29 U.S.C. §216(b) on behalf of themselves individually and on behalf of all others similarly situated. They accuse Select of willful violations of the FLSA. They accuse Select of a "scheme"

3

to avoid paying overtime wages and of willfully failing to pay overtime wages to hourly-paid, non-exempt Program Managers ("PMs"), Directors of Rehab ("DoR") and therapists. (McLaughlin Second Amended Complaint ("2AC"), Doc.64,[5] ¶1).

In the 2AC, Plaintiffs also assert claims under the IMWL. Vanderveen is an Illinois resident and present employee at Select. (2AC, ¶¶32-33). In that pleading, Plaintiffs assert that Vanderveen is an "employee as defined in the IMWL." (*Id.*, ¶35).

Vanderveen and the other *McLaughlin* plaintiffs claim that the putative class worked at approximately 2,300 locations across the country. (*Id.*, ¶¶5, 77). In *McLaughlin*, Vanderveen purports to be the named plaintiff for a "related Illinois state law class action" and to pursue this "individually and on behalf of all other similarly situated employees who worked in the state of Illinois," in addition to her individual claims. (*Id.*, ¶4). She purports to assert her claims "for those present and future opt in Plaintiffs from the state of Illinois for the Defendant's violations of the Illinois overtime wage section, including available treble damages and a penalty of 5% for each month such wages are and remain past due." (*Id.*) She purports for "*all other* Illinois PM *and Therapists*." (*Id.; see also id.*, ¶76 (named Plaintiffs, including Vanderveen are suing "for themselves, and on behalf of the putative class or classes of similarly situated who elect to opt-in to this action").

On April 18, 2022, nearly 15 months ago, Vanderveen, McLaughlin and Lembke filed the 2AC. (2AC, Doc. 64). In that pleading, Plaintiffs assert that Select acted "[p]ursuant to a national common policy and plan" whereby Plaintiffs and the class of similarly situated therapists (and PMs and DORs) "working from approximately 2300 locations or offices in 43 states in the United States of America or its territories, suffered to work off the clock and without being paid overtime

---

[5] For ease of reference, the 2AC in *McLaughlin*, the operative complaint, is attached as Ex. 2.

premiums or any pay for such compensable hours." (*Id.*, ¶5). Plaintiffs in *McLaughlin* likewise assert that Select purportedly "maintained a very real De Facto policy" that employees "complete all their job duties and work overtime hours off the clock," (*Id.*, ¶8). They also accuse Select of "turn[ing] a 'blind eye' to all off the clock work," while purportedly "pressuring, coercing, intimidating and encouraging Program Managers and Therapists" to complete their job duties. (*Id.*, ¶16).

Plaintiffs in *Mclaughlin* accuse Select of acting willfully. (*Id.*). They seek to represent a class of employees dating back from three years before the filing of the suit, "to the present and continuing." (*Id.*, ¶3).

Plaintiffs set forth their Illinois class allegations in 2AC paragraphs 109-29. The class includes occupational therapists, physical therapists, certified occupational therapy assistants, physical therapist assistants, speech language pathologists ("SLPs"), rehab technicians and other persons performing a similar role, in addition to PMs and DORs. (*Id.*, ¶109). Plaintiffs assert that Select's facilities in Illinois "follow the same policies and practices as the rest of Defendant's facilities in the U.S." (*Id.*, ¶110). Vanderveen asserts that her claims "are typical of those of the Illinois Putative Class and the opt-in Plaintiffs from Illinois…." (*Id.,* ¶120). Plaintiffs also assert that Vanderveen as an SLP "had similar if not identical job duties and responsibilities of all other SLP's…and similar job requirements for all Therapists." (*Id.*, ¶122). Vanderveen asserts she can fairly represent and protect the interests of the putative members of the Illinois class. (*Id.*, ¶124). Plaintiffs also identify approximately 30 Illinois locations where therapists in the Illinois Rule 23 class may have worked. (Doc.64, ¶118).

On March 1, 2023, the MD FLA court granted Plaintiffs' motion for conditional certification of its FLSA claim. (Doc. 163). On April 19, 2023, the Court entered its Order

5

authorizing notice to be sent to the Class. (Doc. 184). That order provided that Opt-In forms were to be returned within 60 days of mailing.

Hovorka signed an opt-in form, which Plaintiffs filed with the court on August 3, 2023. (Doc. 228).[6]

Approximately 1100 opt ins have joined or purported to join the *McLaughlin* action. (Dkt.1, ¶8).

On August 7, 2023, after she was already an opt-in, Hovorka filed her Complaint in the instant lawsuit.[7]

On August 23, 2023, Plaintiffs filed their Motion for Leave of Court to Amend Complaint to Add or Join An Additional Plaintiff and Class Representative and Motion To Enlarge Deadline To File For Class Certification. (Doc.239, Ex.3). The new named plaintiff/class representative they seek to add in that motion is Hovorka. (*Id.*, p.1).

**B. Hovorka's Complaint Duplicates The *McLaughlin* Complaint**

Hovorka's Complaint, just like the 2AC in *McLaughlin*, is a "hybrid class action and FLSA Section 216B collective action complaint for violations of Illinois Overtime Wage Laws and the FLSA." (Ex.4,p.1).

Paragraph one of both complaints is substantively identical, save that *McLaughlin* includes references to PMs and DORs. Thus, McLaughlin's paragraph one states:

> In a scheme to avoid paying overtime wages and save many millions of dollars in labor costs while increasing profits, Defendant willfully FAILED to pay overtime wages to hourly-paid, non-exempt **Program Managers (PM)(aka Directors of Rehab)(DoR)(hereinafter referred to as PM), and Therapists, Including Occupational Therapists (OTR), Certified Occupational Therapy Assistants (COTA), Physical Therapists (RPT), Physical Therapist Assistants (PTA), and Speech and Language Pathologists (SLP)(hereinafter collectively referred**

---

[6] *See* Ex. 1.
[7] Hovorka Complaint, (Dkt.1), attached as Ex. 4.

> **to as "Therapists")** who have been permitted to suffer to work off the clock, including but not limited to the named Plaintiffs and all the opt in Plaintiffs in this case.

(Doc.64, ¶1)(emphasis original). Paragraph one of Hovorka's Complaint states:

> In a scheme to avoid paying overtime wages and save millions of dollars in labor costs, Select willfully failed and refused to pay overtime wages to hourly paid, non-exempt **Program Managers (PM)(aka Directors of Rehab)(DoR)(hereinafter referred to as PM), and Therapists, Including Occupational Therapists (OTR), Certified Occupational Therapy Assistants (COTA), Physical Therapists (RPT), Physical Therapist Assistants (PTA), and Speech and Language Pathologists (SLP)(hereinafter collectively referred to as "Therapists")** who have been permitted to suffer to work off-the-clock, including but not limited to the named Plaintiff and all the opt in Plaintiffs in this case.

(Dkt.1, ¶1, Ex. 4)(emphasis original). As Vanderveen does *in McLaughlin*, Hovorka seeks to sue "individually and on behalf of all others situated" and, in addition to an FLSA claim, pursues a "Rule 23 Class Action Complaint" against Select "for willful violations of the Illinois Minimum Wage Act's overtime provisions for all putative class members who worked anytime in the preceding three (3) years to the present and continuing." (*Id.*, ¶2). In both *McLaughlin* and this case, Plaintiffs' lead counsel is Mitchell Feldman of Feldman Legal Group, a Florida-based lawyer.

As the named Plaintiffs do in *McLaughlin*, the FLSA collective action that Hovorka seeks to pursue is for violation of the FLSA's overtime wage provisions "for all persons similarly situated who worked anytime in the preceding three (3) years to the present and continuing" (Ex.4, ¶3).

As in *McLaughlin,* Hovorka seeks to proceed on behalf of a class of similarly situated current and former employees who worked at "approximately 2,300 or more locations." (*Id.*, ¶¶5, 41, 60).

7

As Vanderveen does in *McLaughlin*, Hovorka asserts her IMWL overtime pay violations "individually and on behalf of similarly situated Illinois employees" and "opt in plaintiffs from the state of Illinois." (Dkt.1,Ex.4, ¶76; *see also* ¶59). She points to the same Illinois locations as possibly relevant to her Illinois claims. (*Id*., ¶85). The lone difference, again, is that Vanderveen purports to act for therapists as well as PMs and DoRs, while Hovorka purports to act for therapists only, a smaller subset of those whom Vanderveen purports to represent.

As plaintiffs do in *McLaughlin*, Hovorka asserts that Select purportedly had a "Nation-wide company policy" of "willfully refusing to pay overtime for all overtime hours worked by Therapists." (*Id.*, ¶63). She, too, alleges that Select purportedly maintained a "de facto" policy requiring overtime "off-the-clock." (*Id*., ¶¶12, 15, 100, 109, 119). She, too, claims that Select purportedly "turned a blind eye" to such practices. (*Id*., ¶¶20, 70, 104). She, too, claims employees were purportedly "pressured" to do so. (*Id*., ¶¶111-12).

As in *McLaughlin*, for the Illinois Class Action claim, Hovorka seeks an award of damages "to all those similarly-situated, including treble damages and penalties of 5% for each month such awarded overtime wages are past due." (Dkt.1, Ex.4, p.37). As plaintiffs do in *McLaughlin* (Doc. 64, p.54(h), Hovorka also seeks a judgment that Select award her and others similarly situated who consent to join the class overtime compensation at the rate of 1.5x their regular rates, including for previous hours worked in excess of 40 for any given week. (Dkt.1, Ex.4, p.36,¶h)serli. As the 2AC requests for Vanderveen, the Complaint requests that the Court appoint Hovorka as class representative of the Illinois class and the Feldman Legal Group, including Mitchell Feldman, as class counsel for the Illinois class. (*Compare* Doc.64, p.55,¶n *with* Dkt.1, Ex.4,p.38, ¶n.

In her Complaint, Hovorka notes that Select is currently a defendant in *McLaughlin* and that the case involves 1100 opt-ins, including over 800 therapists. (Dkt.1, Ex.4,¶8). Hovorka further notes that many of these "Therapists are also Illinois Therapist class members who worked

8

for Defendant in Illinois." (*Id.*). **Significantly, and inexcusably, however, Hovorka omits mention that she is one of the opt-ins in *McLaughlin*, and that she is seeking to take a more active role in the case**.

## ARGUMENT

### A. Hovorka's Complaint Must Be Dismissed Because It Duplicates *McLaughlin*

"It is well recognized that a federal district court has the inherent power to administer its docket in a manner that conserves scarce judicial resources and promotes the efficient and comprehensive disposition of cases." *Ridge Gold*, 572 F. Supp. At 1212–13 (quoting *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 817 (1976)). The Supreme Court has accepted that this inherent power may be used in appropriate instances such that "a district court may avoid wasteful, repetitive litigation by dismissing an action before it when a parallel suit is pending in another court." *Id.* (quoting *Colorado River*, 424 U.S. at 817–818).

As a general rule, dismissal is warranted "for reasons of wise judicial administration … whenever it is duplicative of a parallel action already pending in another federal court." *See Serlin v. Arthur Andersen & Co.*, 3 F.3d 221, 223 (7th Cir. 1993) (quoting *Ridge Gold*, 572 F.Supp. at 1213). Where the complaints involve the same parties and seek the same remedies, there is no significant difference and a complaint should be dismissed. *Id.* at 224. "[T]he general principle is to avoid duplicative litigation." *See Colorado River*, 424 U.S. at 817.

A court may dismiss a later filed lawsuit "when the actions that have been filed in separate federal courts are sufficiently duplicative." *Winking v. Smithfield Fresh Meats Corp.*, No. 22 C 1937, 2023 WL 5387565, at *4 (N.D. Ill. Aug. 22, 2023). In *McReynolds v. Merrill Lynch & Co.*, 694 F.3d 873 (7th Cir. 2012), the Seventh Circuit upheld the dismissal of a second lawsuit where it "simply duplicated [earlier] litigation already underway." The Seventh Circuit found this especially true where the larger class size of the previously filed lawsuit subsumed any claim

9

brought in the later filed lawsuit. *See also Wallis*, 443 F. Appx at 205 ("Dismissal is appropriate where, as here, the same party has filed both suits and the claims and available relief do not differ significantly between the two actions."); *Northern v. Stroger*, 676 F. App'x 607 (7th Cir. 2017)(affirming dismissal of second suit that duplicated same defendant and claims and sought the same relief); *Calvert Fire Ins. Co. v. Am. Mut. Reinsurance Co.*, 600 F.2d 1228, 1233 (7th Cir. 1979)(A federal court may defer to another, in the form of dismissal, especially "to prevent duplication of judicial effort in two separate court systems and to confine the litigation to the forum able to make the most comprehensive decision.").

When, as here, the second suit does duplicate the same defendant, claim and relief, dismissal should follow unless a plaintiff demonstrates the existence of special circumstances. *Serlin,* 3 F.3d at 2234. Notably, courts in this District have dismissed duplicative FLSA claims under the First-Filed Rule. *See Copello v. Boehringer Ingelheim Pharm. Inc.*, 812 F. Supp. 2d 886, 890 (N.D. Ill. 2011). *Copello* has significant similarities to this case. There, a single Illinois-based plaintiff had filed a suit seeking to pursue both an FLSA collective action claim and a Rule 23 claim under the IMWL for overtime violations. That plaintiff then sought to add as a second plaintiff, Annette Allen, another Illinois-based employee. Allen, however, was an existing opt-in plaintiff in a similar FLSA suit against defendant in Connecticut where the Connecticut court had already conditionally certified the FLSA class. (Copello had not opted in). There, like here, Allen was represented by the same party as represented the plaintiffs in Connecticut. Judge Feinerman found that Copello could not lead an FLSA suit because of contractual agreement with defendant. He then held that Allen's claims should be dismissed under the First-Filed Rule, explaining:

> Even if Allen's personal interests carried any weight, they would matter little in the context of the putative IMWL class action here and the FLSA collective action in *Ruggeri* [the Connecticut case]. To the contrary, because (as shown below) Copello cannot lead an FLSA collective action, dismissing Allen's FLSA claims will ensure

10

> that materially identical FLSA collective actions seeking overtime pay on behalf of Boehringer PSRs will not proceed simultaneously in two separate forums, thus avoiding duplicative efforts by two federal district courts and the potential for inconsistent results. It follows that preventing Allen from pursuing duplicative FLSA claims here would advance, not detract from, wise judicial administration. *See Romine v. Compuserve Corp.,* 160 F.3d 337, 340 (6th Cir.1998) (disapproving duplicative class actions); *Goff v. Menke,* 672 F.2d 702, 704–05 (8th Cir.1982) (same); *Becker v. Schenley Indus., Inc.,* 557 F.2d 346, 348 (2d Cir.1977) (same); *Alvarez v. Gold Belt, LLC,* 2011 WL 1337457, at *1–2 (D.N.J. Apr. 7, 2011) (disapproving duplicative FLSA collective actions); *Abushalieh v. Am. Eagle Express, Inc.,* 716 F.Supp.2d 361, 365–66 (D.N.J.2010) (same, where the first action was filed almost a year before the second, duplicative action); *Benavides v. Home Depot USA, Inc.,* 2006 WL 1406722, at *1–2 (S.D.Tex. May 19, 2006) (same, where the first action was filed over a year before the second, duplicative action). Accordingly, Allen's FLSA claims are dismissed. *See Central States, Se. & Sw. Pension Fund v. Paramount Liquor Co.,* 203 F.3d 442, 445 (7th Cir.2000) ("Outright dismissal [rather than a stay] is most likely to be appropriate when, as in *Serlin v. Arthur Andersen & Co.,* ... the same party has filed all of the suits.").

*Id.* Here, the same concerns Judge Feinerman noted require dismissal.

> a. *The parties, claims and relief sought are subsumed in the first-filed lawsuit and are nearly identical.*

A lawsuit is duplicative if the "claims, parties, and available relief do not significantly differ between the two actions." *McReynolds*, 694 F.3d at 889 (quoting *Ridge Gold Standard*, 572 F.Supp. at 1213). Here, that Hovorka's Complaint duplicates *McLaughlin*'s 2AC is beyond dispute. The claims are identical—a collective action claim under the FLSA and a Rule 23 Class Claim under the IMWL for purported overtime violations. The theories and allegations underlying each claim are nearly identical. The defendant is the same—Select. Hovorka is a plaintiff in both. The classes in this case are the same as in *McLaughlin*, but for the omission of PMs and DoRs. The relief sought in both is essentially the same: backpay, liquidated damages, attorneys' fees and costs, as well as including the 5% penalty and treble damages under the IMWL for the Illinois

11

Rule 23 class. Even plaintiffs' counsel is the same. Under the First-Filed Rule and controlling Seventh Circuit precedent, this case must be dismissed.

      b. *No "special factors" exist.*

As noted above, before dismissing a suit as duplicative, a court "should consider any special factors counseling for or against the exercise of jurisdiction[.]" *Serlin*, 3 F.3d at 224 (quoting *Calvert Fire*, 600 F.2d at 1228). A plaintiff bears the burden to show if any special factors exist. *See Central States, S.E & S.W Areas Pension Fund v. Paramount Liquor Co.*, 34 F. Supp.2d 1092, 1095 (N.D. Ill. 1999)("the plaintiff bears the burden of showing any special circumstances which justify a divergence from the 'first-to-file' rule."). The Court in *Serlin* dismissed the complaint as duplicative despite plaintiff's efforts to assert that if his second suit were dismissed and then his first complaint were dismissed for untimely service, he would be left without recourse, because the statute of limitations had expired. *Serlin*, 3 F.3d at 224. In response, the Court refused to recognize plaintiff's argument as a "special factor" because the results he argued would be a consequence of his own failure to follow the rules. *Id.* Likewise, here, there is no conceivable reason for Hovorka to be bringing this second suit while she also is participating as an opt-in in *McLaughlin* and, indeed, seeking to become a named plaintiff in that earlier-filed suit. Notably, Hovorka makes no attempt to assert that special circumstances exist, despite her burden.

      c. *Neither Hovorka nor the putative class members will suffer cognizable prejudice if this action is dismissed.*

Here, the putative class members would suffer no injury from dismissal—all of them already are or had ability to be members of the *McLaughlin* class. Hovorka herself is presently in that suit. Again, she is trying to lead that suit. She can show no prejudice. If her dereliction in opting in there leads the Court to reject her as a plaintiff, that would not result in cognizable prejudice. As in *Serlin*, that is due to her own neglect and provides no basis to force Select to litigate in two places.

12

By contrast, the burden is on Select to litigate two suits is indisputable. *McLaughlin* is a national class, involving more than 1100 named and opt-in plaintiffs. Allowing a second case on the same facts, as this case is, just doubles the burden and expense associated with that. As *Copello* holds, it also creates the possibility of inconsistent results. And it means that plaintiffs in *McLaughlin*, including Hovorka herself, may be unfairly allowed to take two bites at the apple, as Hovorka plainly seeks to do. This would be immensely unfair.[8]

### C. Select Should Be Awarded Its Fees And Costs For Bringing This Motion

Under 28 USC §1927, where an attorney "so multiplies proceedings in any case unreasonably and vexatiously" that attorney "may be required by the Court to satisfy personally the excess costs, expenses, and attorney's fees incurred by such conduct. The Seventh Circuit has held:

> [A] court has discretion to impose § 1927 sanctions when an attorney has acted in an objectively unreasonable manner by engaging in serious and studied disregard for the orderly process of justice; pursued a claim that is without plausible legal or factual basis and lacking in justification; or pursue[d] a path that a reasonably careful attorney would have known, after appropriate inquiry, to be unsound.

*Jolly Group, Ltd. v. Medline Indus., Inc.*, 435 F.3d 717, 720 (7th Cir. 2006). Here, these standards are met. Mitchell Feldman is the attorney for Hovorka and for all 1100+ plaintiffs in *McLaughlin*. Yet, he orchestrated, filed and pursued this second, duplicative action for no valid reason. It therefore is appropriate that he be assessed Select's fees and expenses associated with this Motion. *See Garcia v. Tamir,* 1999 WL 587902 (S.D.N.Y. Aug. 4, 1999)(awarding sanctions for duplicate FLSA overtime claim where prior action was pending in state court); *see also In re Katrina Canal Breaches Litig.*, 2008 WL 506980 (5th Cir. Dec. 2, 2008)(affirming sanctions under Rule 11 and

---

[8] Principles of comity also counsel in favor of dismissing a lawsuit that the MD FLA would not have countenanced in light of *McLaughlin*. *See e.g., Burns v. MLK Express Services, LLC*, No. 218CV625FTM32MRM, 2020 WL 1891175, at *5 (M.D. Fla. Apr. 16, 2020).

13

28 U.S.C. §1927 for filing duplicative and frivolous lawsuits); *Brooks v. City of Turlock*, 15 F.3d 1083 (9th Cir. 1993)(affirming sanctions arising from meritless and duplicative actions); *Surgical Ctr. of Southfield, LLC v. Allstate Ins. Co.*, 2019 WL 393680 (E.D. Mich. Aug. 20, 2019) (awarding fees to defendant arising from plaintiff's duplicative but unprosecuted lawsuit).

## CONCLUSION

For the foregoing reasons, Select Rehabilitation, LLC respectfully requests 1) that this Court grant its Motion to Dismiss Plaintiff's Complaint, dismissing Plaintiff's Complaint with prejudice[9]; 2) award Select its attorney's fees and costs under 28 U.S.C. §1927 due to Plaintiff's vexatious conduct and 3) order such further relief as the Court deems just and proper.

---

[9] Where a second suit is vexatious and harassing, it is appropriate that a dismissal be with prejudice. *See Asset Allocation & Mgmt. Co. v. W. Employers Ins. Co.*, 892 F.2d 566, 571 (7th Cir. 1989).

14

Dated this 5th day of September, 2023    FOLEY & LARDNER LLP

/s/ David B. Goroff
David B. Goroff
Email: dgoroff@foley.com
Foley & Lardner LLP
321 North Clark Street, Ste. 3000
Chicago, IL 60654
Telephone: 312.832.4500
Facsimile: 312.832.4700

Diane G. Walker
Email: dwalker@walkermortonllp.com
Kristen W. Roberts
Email: kroberts@walkermortonllp.com
Walker Morton LLP
1401 Branding Avenue
Suite 300
Downers Grove, IL 60515
Telephone: 312.471.2900
Facsimile: 312.471.6001

*Attorneys for Defendant Select Rehabilitation, LLC*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 5th day of September 2023, I electronically filed the foregoing with the Clerk of the Court by using CM/ECF system which will send a notice of the electronic filing to all counsel of record.

/s/ David B. Goroff
David B. Goroff