UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLLINOIS

LINDA HOVORKA,

    Plaintiff,

Case No: 1:23-cv-05192

v.

SELECT REHABILITATION LLC,

    Defendant.

_____.

## PLAINTIFF'S SECOND AMENDED COMPLAINT FOR VIOLATIONS OF THE FLSA AND ILLINOIS OVERTIME WAGE LAWS

Plaintiff LINDA HOVORKA sues Defendant, SELECT REHABILITATION LLC. (hereinafter "Select" or "Defendant") pursuant to 29 U.S.C. 216(b), of the Fair Labor Standards Act (the "FLSA") and the Illinois state overtime wage law at 820 ILCS 105/4a, (the "IMWL") for willful violations and failure to pay overtime premiums, and states as follows:

## INTRODUCTION

1.  Plaintiff is not an opt in party Plaintiff in the pending FLSA collective action McLaughlin v. Select Rehabilitation LLC, pending in the US District Court, Middle District of Florida, Case No. 3:22-cv-00059-HES-MCR, and my untimely filed consent to join, briefly filed and opposed by Defendant was withdrawn on September 11, 2023 DE 250.

2. In a scheme to avoid paying overtime wages and save millions of dollars in labor costs, Select willfully failed and refused to pay overtime wages to hourly-paid, non-exempt **Therapists, including Occupational Therapists (OTR), Certified Occupational Therapy Assistants (COTA), Physical Therapists (RPT), Physical Therapist Assistants (PTA), and Speech Language Pathologists (SLP) (hereinafter collectively referred to as "Therapists")** who have been permitted to suffer to work off-the-clock, including but not limited to the named Plaintiff Linda Hovorka.

3. Defendant is no stranger to the claims of the Plaintiffs and all others who eventually opt into this action and consent to join as 'party plaintiffs' given that Select is already being sued in a related California Class action lawsuit for unpaid overtime wages in the case of: *RATI GANDHALES, V. SELECT REBILATIONS LLC*, Case N0 20CV002240, in the Superior Court of the State of California, County of Monterey.

4. Similarly, Select is currently a Defendant in a lawsuit for overtime wage violations under the FLSA and the Illinois Minimum Wage Laws in the pending action of *Mclaughlin, Vanderveen and Lembke v. Select Rehabilitation LLC*, Middle District of Florida, Case No: 3:22-cv-00059-HES-MCR. The McLaughlin case was commenced in January 2022 and put Defendant on notice that employees across the Illinois and the United States were working off-the-clock.

5. Currently, upwards of 1200 or more present and former employees are 'party-plaintiffs' in the McLaughlin case, including over 800 therapists. Many of these Therapists are also Illinois Therapist class members and who worked for Defendant in Illinois.

6. Furthermore, in that McLaughlin action, many Illinois therapists and Program Managers have attested in declarations that they routinely were subjected to suffering to work unpaid overtime hours, off the clock with the knowledge and behest of Defendant. Thus, Defendant knew prior to this date that Illinois Therapists have worked off the clock and cannot deny the same.

7. Additionally, in a similar case filed on June 17, 2021 in the District Court of Arkansas by a therapist claiming unpaid overtime hours because of off the clock work. Defendant settled this case and paid the plaintiff overtime back wages in settlement, and was on notice that therapists were working off the clock even preceding the Mclaughlin Complaint and this complaint herein. See *Herbert v. Select Rehab LLC* case, 4:21-cv-00524-JTK

8. Plaintiffs Hovorka was willfully not compensated for all hours she worked over forty (40) in each and every workweek by a scheme and plan of Defendant to evade the state and federal overtime wage laws.

9. Defendant maintained a De Facto policy that Therapists, including Plaintiff, were to only report work hours that kept them to an assigned productivity and efficiency level (%).

10. Defendant, by and through its management, knows that its employee Therapists such as Plaintiff, routinely worked overtime hours off the clock.

11. Regional managers were well informed that Therapists routinely and pervasively worked off-the-clock overtime hours. Thus, Defendant had actual knowledge of unpaid overtime hours. Defendant pressured Therapists on a weekly basis to work overtime hours as needed to meet job requirements and maximize Medicare billing.

12. To meet Plaintiff's assigned productivity expectations and requirement, Plaintiff was required to work off-the-clock because submitting all their actually worked overtime hours would cause their productivity numbers to fail or fall below the assigned percentage.

13. The De Facto Policy also included that three (3) failures of Therapist's productivity requirement would result in termination of employment.

14. Defendant's managers over the Plaintiff, some of whom themselves had worked in these same therapy positions, also had worked overtime hours off the clock and thus are well aware that working more than 40 hours in the workweek was necessary to complete these job duties and responsibilities and to avoid the risk of termination of their employment.

15. Moreover, Defendant never foreclosed Plaintiff from accessing the office, computer systems and databases outside the standard or regular business hours or on weekends to prevent or preclude off the clock work. Defendant could

see the access, login, and activity times and when time Therapists worked off the clock, such as on weekends.

16. Therapists were permitted to use Computer Tablets while off the clock and away from the facility to complete work and access the Net Health EMR/EMH software and records.

17. Indeed, Defendant knew that Therapists all over the U.S. routinely accessed systems, databases and programs, while off the clock and while away from the office including on weekends and using a company provided laptops or tablet; and the same is alleged in the McLaughlin case and in supporting declarations filed in that same case part of the court record.

18. Defendant similarly knew that Therapists like Plaintiff were accessing Defendant's programs, software and systems on office computers and tablets while off the clock and management saw them and other Therapists routinely doing the same well after they finished treating their last patients, and even into the evening hours.

19. Defendant openly turned a "blind eye" to off the clock work for clearly financial reasons, and meanwhile pressured, coercing, intimidated, and encouraged Therapists to work to hit their productivity goals and complete their job duties and by not reporting all hours worked.

20. Defendant has willfully failed to pay Plaintiff overtime premiums in accordance with the Illinois Minimum Wage Law (IMWL) and the FLSA, as she

permitted to suffer to work overtime hours off the clock with Defendant's knowledge and behest.

21. At all times, Plaintiff was classified by Select Rehab as an hourly paid, non-exempt employee who was required to be paid time and one half her regular rate of pay for all hours worked over 40 in each and every workweek.

22. In this pleading, "Defendant" means the named Defendant and any other subsidiary or affiliated and wholly owned corporation, predecessor corporation, or any parent corporation or entity responsible for the employment practices complained of herein (discovery may reveal additional defendants that should be included).

23. The allegations in this pleading are made without any admission that, as to any particular allegation, Plaintiff bears the burden of pleading, proof, or persuasion. Plaintiff reserves all rights to plead in the alternative.

## JURISDICTION AND VENUE

24. This is an action for a sum which is greater than $75,000, and brought under the Fair Labor Standards Act, a federal question, as to which this Court has original Jurisdiction.

25. This Court has Supplemental Jurisdiction over the Illinois State Law claims wage claims pursuant to 28 U.S.C. §1367.

## THE PARTIES

26. Plaintiff, LINDA HOVORKA resides in Illinois and within this District. She was hired by Defendant approximately in June 2012 as Physical Therapy Assistant (PTA) and worked for Defendant in this state at several different locations until approximately April 2022 as an hourly paid, nonexempt Therapist.

27. Plaintiff was paid on a semi-monthly basis (2 times per month), and strictly on an hourly pay basis, last at $35.00 per hour.

28. Plaintiff Hovorka routinely worked off the clock overtime hours throughout her last 3 years of employment with Select Rehab in order to meet the productivity requirements and maintain her employment, and she found that working more than 40 hours in a week was necessary to complete all the required job duties.

29. Defendant classified Plaintiff as non-exempt, hourly paid employee.

**DEFENDANT SELECT REHABILITATION LLC**

30. Defendant, SELECT REHABILITATION LLC (hereinafter Defendant and/or "Select"), is a Foreign (Delaware) for Profit Limited Liability Corporation, with its principal place of business located at 2600 Compass Rd, Glenview, IL 60026, and who all times material hereto, has routinely and consistently conducted business in the State of Florida through its numerous fixed offices and locations, including in this district.

31. As stated by Defendant on their website, Defendant is a company which is: "The premier provider of contract rehabilitation, as well as for nurse and therapy

consulting services". Defendant further admits: "Our privately held company employs over 21,000 clinicians across 3,000 sites in 46 states and Washington D.C."

32. Defendant is an employer within the definition of the FLSA, has revenues exceeding $500,000 annually and employs more than 2 persons and thus is required by the FLSA to pay overtime premiums to Plaintiff.

33. Likewise, Defendant is an employer who is subject to the IMWL and the overtime pay requirements pursuant to Illinois law, employing hundreds of persons in this state in the same position and perhaps thousands in other related therapist positions.

34. Hovorka's primary job duties and responsibilities as a PTA were to provide physical therapy services to assigned patients, and document the treatment in medical records or therapy notes in Defendant's electronically stored EMR/EMH database and software.

## COUNT I
## VIOLATIONS OF THE FLSA §207 AND DECLARATORY ACTION
## PURSUANT TO 28 U.S.C. SECTIONS 2201 and 2202

35. Plaintiff realleges and incorporates by reference paragraphs one (1) through Thirty Four (34) of this Complaint and as if fully stated herein.

36. Plaintiff routinely worked more than 40 hours in her workweeks in the last 3 years of her employment in order to complete her job duties and responsibilities.

37. Most of Plaintiff's overtime hours were not paid and were performed off performed off the clock.

38. Defendant knew that Therapists had and were routinely performing work off the clock.

39. Defendant knew that Hovorka as well had worked off the clock to maintain productivity while complying with Select's De Facto Rules.

40. Alternatively, Defendant should have known that Hovorka was working off the clock, as it was aware that therapists throughout the US were doing the same, including in Illinois.

41. Moreover, Defendant knew Therapists accessed the EMR/EMR software or programs, Casamba and Rehab Optima, now all part of Net Health Systems Inc., and had received complains, reports and claims by therapists and about therapists working of the clock.

42. The double-edged sword as expressed to the Therapists by Defendant's managers was: i.) if you worked overtime hours on the clock and/or reported all your actual work hours it would destroy your "productivity" expectation, leading to discipline or termination; BUT ii.) therapists were so loaded with patients all day long such that it was necessary and inherent in the job to have to complete all their notes and job duties off the clock.

43. If Therapists, including Plaintiff, failed to perform all of these job duties, Therapists risked their own licenses and also risked termination of employment.

44. Plaintiff was not permitted to just canceling patients from their assigned daily or weekly schedules in order to be certain the work would not put them into overtime hours.

45. Defendant had a duty and obligation under the FLSA and CFR part 516, to contemporaneously track and record all work hours of hourly non-exempt employees, including Therapists and other persons performing similar roles under any job titles.

46. Defendant's unlawful conduct of turning a blind eye to clearly inaccurate time records which included known underreporting and understatement of Therapists' actual working hours resulted in a willful violation of the overtime wage law under the FLSA, and throughout the 3 years preceding the filing of this complaint.

47. Defendant permitted Plaintiff to suffer to work off the clock without being paid overtime compensation for all hours worked in excess of forty in each respective workweek.

48. The FLSA requires any employer who has actual or constructive knowledge of employees working off the clock to either cease and stop the conduct

or be held liable and responsible for paying the overtime premiums for such off the clock hours, in addition to double the sum as liquidated damages.

49. Said differently, while Defendant had a so-called policy to prevent and deter Therapists from working off the clock, Defendant knowingly, actively and/or constructively permitted Plaintiff to suffer to work off the clock and without being paid for all such overtime hours while reaping the benefits of her unpaid labor and sweat.

50. Defendant knowingly did not enforce its own alleged company time keeping policies, and knowingly disregarded it and turned a "blind eye" to the off the clock work.

51. The FLSA holds that such off the clock work Defendant knew of or had reasons to know about but did nothing to preclude or halt the work, is the same as the Defendant encouraging and permitting the overtime hours. Accordingly, Defendant is liable to Plaintiff and all others similarly situated who worked overtime hours without overtime pay during the preceding 3 years, and up through to the date of trial.

52. Defendant maintained a De Facto Policy to discourage reporting and claiming overtime hours, but meanwhile reaped the benefits of the additional work activities and work hours of the Therapists. As a result, Defendant saved many millions of dollars in labor costs.

53. At any given time throughout the preceding 3-year period, Managers and others in supervisory positions were aware that Plaintiff and other therapists were working off the clock and that their timesheets were inaccurate and did not capture all their work hours.

54. Indeed, all Therapists including Plaintiff were intimidated against reporting the extra compensable overtime hours and told to focus on their productivity goals and responsibilities while simultaneously being pressured to keep up the unreasonable workload or be subject to disciplinary action, including termination of their employment.

55. The Defendant intentionally created a work environment that was oppressive, laced with fear and intimidation against reporting overtime hours and discouraged complaining about not being paid for all overtime hours, as claiming such overtime hours would draw ire and scrutiny of management.

56. Defendant willfully and with reckless disregard for the requirements of the FLSA and its regulations, failed to pay Plaintiff a premium or overtime wages for all the work hours over (40) hours in each of her workweeks in her last 3 years of employment as mandated by FLSA §207.

57. Defendant does not have a good faith basis for these described unlawful pay practices, such that Plaintiff is entitled to be paid an equal sum in overtime wages owed at rates of one and one half times her respective regular rate of pay as

liquidated damages. *See Johnson v. Big Lots Stores, Inc.*, 604 F.Supp.2d 903 at 925 (E.D. La. 2009).

58. Defendant knowingly and willfully failed to accurately track the hours worked by Plaintiff.

59. Defendant encouraged and pressured Plaintiff to work as many hours as she had to in order to handle all her job duties and responsibilities and treat all the patients assigned to her, and has direct, if not constructive knowledge of her working overtime hours while off the clock.

60. By failing to record, report, and/or preserve records of all minutes and hours worked by Plaintiff and the class of similarly situated, the Defendant failed to make, keep, and preserve records with respect to Plaintiff sufficient to determine her wages, hours, and other conditions of employment in violation of the FLSA 29 USC 201 et seq., including 29 USC Sec. 211(c) and 215 (a).

61. Defendant knew or should have known that the act of permitting Plaintiff to work off the clock or underreport her actual work hours evades the wage and hour requirements of the FLSA such that a three (3) year statute of limitations applies.

62. To summarize, Defendant willfully and lacking in good faith, violated the FLSA by the following unlawful pay practices applicable to Plaintiff: a) maintaining a De Facto policy against reporting all overtime hours worked and working overtime hours on the clock through the use of a "productivity" requirement

or productivity expectation; and c) permitting Hovorka to suffer to work off the clock without being paid for all hours worked and by submitted under-reported and inaccurate weekly time sheets electronically.

63. As a result of Defendant's willful violations of the FLSA, Plaintiff has suffered economic damages by Defendant's failure to pay overtime compensation in accordance with FLSA §207.

64. Due to Defendant's willful violations of the FLSA, a three-year statute of limitations applies to the FLSA violations committed by Defendant pursuant to 29 U.S.C. §255(a), and Plaintiff is due to be compensated for this time.

65. As a result of Defendant's unlawful acts and pay practices described herein, Plaintiff has been deprived of overtime compensation due and owed to her for unpaid overtime hours worked off the clock, the amount of which to be determined at trial.

66. Plaintiff is also entitled to recovery of all such amounts, plus the payment of liquidated damages in an amount equal to the overtime wages due and awarded, plus the payment of her incurred attorneys' fees, costs and other compensation pursuant to 29 U.S.C. §216(b), as well as injunctive relief pursuant to 29 U.S.C. §217.

## COUNT II
## VIOLATION OF THE OVERTIME REQUIREMENTS OF ILLINOIS MINIMUM WAGE LAW 820 ILCS § 105/1, et seq.

67. Plaintiff Hovorka, herein re-alleges and incorporates all the allegations in paragraphs one (1) through Thirty Four (34) as if fully stated.

68. The overtime wage laws for hourly paid, non-exempt employees under Illinois law are identical in all respects to the FLSA, both of which mandate payment of premiums for all overtime hours worked.

69. At all times relevant to the action, Defendant was an employer covered by the overtime mandates of the Illinois Minimum Wage Law ("IMWL"), 820 ILCS § 105/1, et seq.

70. Plaintiff Hovorka is an employee entitled to the IMWL's protections as employees under this Act.

71. The IMWL entitles employees to compensation for every hour worked in a workweek, and time and one half their regular rate of pay for all overtime hours worked that Defendant knew or should have known about.

72. Plaintiff Hovorka was classified as a non-exempt, hourly paid employee under the Illinois Wage laws and entitled to be paid premiums for all hours worked more than 40 in each workweek.

73. The IMWL entitles employees to overtime compensation "not less than time and one-half of the regular rate of pay of the employee for those hours in excess of 40 hours per week." *See* 820 ILCS 105/4a (from Ch. 48, par. 1004a) Sec. 4a. (1).

74. Defendant violated the IMWL by regularly and repeatedly failing to compensate Plaintiff Hovorka for all overtime hours worked, meaning all hours worked more than 40 in any work week. (820 ILCS 105/4a) (from Ch. 48, par. 1004a, Sec. 4a. (1))

75. The foregoing conduct, as alleged, violates IMWL and one or more relevant rules adopted by the State of Illinois.

76. At all relevant times, Defendant was, and continues to be, an "employer" within the meaning of the IMWL. At all relevant times, Defendant employed "employee[s]," within the meaning of the Illinois Wage Laws.

77. The Illinois Wage Laws require an employer, such as Defendant, to pay all compensation due to employees on their regular paydays, and the failure to do so entitles Hovorka a penalty of 5% for each month such wages remain unpaid.

78. Plaintiff has not received her overtime wages for the workweeks when the payment of the same was due and owing in violation of IMWL.

79. Plaintiff Hovorka was forced, coerced and encouraged to work off-the-clock overtime hours with Defendant's knowledge.

80. At all relevant times, Defendant had a company policy and practice of failing and refusing to pay overtime compensation to Therapists for all the hours worked in excess of forty hours per workweek by permitting them to suffer to work off the clock.

81. Plaintiff really had no actual choice: if she reported all the overtime hours she would be subject to disciplinary action, including termination of employment for failing the productivity expectations.

82. Defendant turned a blind eye to the off the clock work, and its own records, and programs, and people knew that off the clock work was occurring but did nothing to stop it or prevent it; to the contrary, Defendant encouraged the off the clock work.

83. Defendant willfully violated Illinois Wage Laws including, but not limited to, **820 ILCS 105/4a (from Ch. 48, par. 1004a), Sec. 4a.,** by failing to pay Plaintiff Hovorka overtime premiums for all work performed in excess of forty hours in a workweek.

84. Accordingly, Select also failed and willfully refused to pay all wages owed to and accrued by Hovorka on her regularly scheduled paydays.

85. As a result of Defendant's failure to record, report, credit, and furnish to Plaintiff her respective wage and hour records showing all wages earned and due for all work performed, Defendant failed to make, keep, preserve, and furnish such records in violation of **820 ILCS § 105/1 et seq**.

86. Plaintiff Hovorka is entitled to recovery of her incurred attorneys' fees, costs, and expenses of this action to be paid by Defendant.

87. Plaintiff Hovorka seeks damages in an amount of all unpaid overtime hours at a rate of one and one-half times her regular rate of pay for work performed

in excess of forty hours in each and every workweek within the 3 years preceding the filing of this original Complaint.

88. Accordingly, Hovorka is entitled to recover her unpaid wages owed, plus three times the sum owed as treble damages, a 5% penalty and interest for each month such wages were not timely paid, plus any other appropriate relief under the IMWL at an amount to be proven at trial.

**WHEREFORE,** Plaintiff LINDA HOVORKA, demands judgment against Defendant and the following seeks the following relief: a) payment for all unpaid overtime hours worked in the past 3 years; b) payment of treble or 3 times the sum of unpaid overtime wages awarded; c) payment of her incurred attorney's fees, costs and expenses of this action; d) That the Court enjoin Defendant, under 29 U.S.C. § 217, from withholding future payment of overtime compensation owed to other Therapists; d) that the Court issue an order of judgment pursuant to 29 U.S.C 216-17, 28 U.S.C. §§ 2201 and 2202 finding that the Defendant unlawfully and willfully violated the FLSA by failing to pay overtime wages and failing to accurately record all hours worked of non-exempt employees, as well as issue an injunction barring the Defendant from further violations of the FLSA; e) Award Prejudgment and post-judgment interest, as provided by state law; f) award Plaintiff penalties of 5% for each month such awarded overtime wages are past due under Illinios law; and g) That the Court award any other legal and equitable relief as this Court may deem

appropriate, including the value of underpaid matching funds in company pension or 401k plans.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by this Complaint.

Respectfully submitted February 13, 2024.

>*/s/Mitchell L. Feldman*
>**Mitchell L. Feldman, Esq**
>Florida Bar No. 0080349
>FELDMAN LEGAL GROUP
>6916 West Linebaugh Avenue, # 101
>Tampa, Florida 33625
>Tel: (813) 639-9366
>Fax: (813) 639-9376
>Mfeldman@flandgatrialattorneys.com
>Mail@feldmanlegal.us
>*Lead counsel and attorney for Plaintiff*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on February 13, 2024, a true and correct copy of the foregoing was filed and served via the Court's CM/ECF electronic filing system. Parties may also access this filing through the Court's CM/ECF system.

>*/s/ Mitchell L. Feldman, Esq.*
>Mitchell L. Feldman, Esq.