UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

LINDA HOVORKA,

    Plaintiff,

v.

SELECT REHABILITATION, LLC,

    Defendant.

Case No. 1:23-cv-05192

### DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

Defendant Select Rehabilitation, LLC ("Select"), by its attorneys, Walker Morton, LLP and Foley & Lardner, LLP, respectfully submits the following memorandum in support of its Motion to Dismiss the Second Amended Complaint of Plaintiff Linda Hovorka ("Hovorka" or "Plaintiff")

### INTRODUCTION

Plaintiff purports to bring claims for unpaid overtime under the Fair Labor Standards Act ("FLSA") and the Illinois Minimum Wage Law ("IMWL"), but these fail under controlling precedent, including the Seventh Circuit's decision in *Hirst v. Skywest, Inc.*, 910 F.3d 961 (7th Cir. 2018). Plaintiff fails to allege facts that "nudge her claims from conceivable to plausible" that there actually was "one workweek" for which she worked overtime yet was not paid, as is required. *Id.* at 966. Instead, her allegations that are purely conclusory and/or that parrot the elements of the FLSA. This defect dooms both claims, as each is subject to the same standards. Therefore, Select's Motion to Dismiss should be granted.

## **FACTUAL ALLEGATIONS**[1]

Plaintiff makes the conclusory allegation that Select pursued a "scheme to avoid paying overtime wages and save millions of dollars in labor costs" and "willfully failed and refused to pay overtime wages to hourly-paid, non-exempt therapists." She notes that Select is a party to an FLSA collective action alleging overtime wage violations under the FLSA and IMWL pending in the Middle District of Florida entitled "*McLaughlin v. Select Rehabilitation, LLC*, Case No: 3:22-cv-00059-HES-MCR." (That case in fact was brought by her counsel in this action). She admits she is not a party to that action; rather, while she attempted to opt in, she filed this after the Court-ordered deadline had passed. (¶1).[2]

Plaintiff notes that certain plaintiffs in *McLaughlin* have filed declarations saying they "routinely" worked unpaid overtime hours. (¶6). Plaintiff did not do so. Nor did she file any declaration here. Select has answered the operative Third Amended Complaint in the *McLaughlin* action and has denied all substantive allegations and raised 40 affirmative defenses. (*McLaughlin*, Dkt.309).

Plaintiff claims she "routinely worked overtime hours off the clock," (¶10), and that she was "willfully not compensated for all hours she worked over forty (40) in each and every workweek." (¶8) (*See also* ¶47 (same) & ¶28 ("Plaintiff Hovorka routinely worked off the clock overtime hours throughout her last three years of employment…."); ¶36 (same); ¶49 (Defendant knowingly, actively and/or constructively permitted Plaintiff to suffer to work off the clock and without being paid for all such overtime hours…"); ¶62 (same).

---

[1] Select solely accepts Plaintiff's allegations as true for purposes of this Motion and nothing herein should be taken as an admission by Select that any allegation made by Plaintiff is in fact true. In fact, were Select to answer, it would vigorously deny that Plaintiff has any possible claim.
[2] Paragraph ("¶__") citations are to Plaintiff's Second Amended Complaint in this action.

2

Plaintiff claims that "Defendant" pressured and encouraged her to work as many hours as necessary to treat the patients assigned to her. (¶59). She does not identify how many hours that was at any time or any person who acted for "Defendant."

Plaintiff claims that therapists, including herself, were "to only report work hours that kept them to an assigned productivity and efficiency level (%)." (¶9). She does not identify any productivity or efficiency level assigned to her.[3] Plaintiff asserts that "Therapists like Plaintiff" accessed Select's programs, software and systems off the clock (¶18), but, notably, does not allege that she did so.

Plaintiff notes that she was last paid $35/hour but does not identify for what period that was or what her payrate otherwise was during the relevant time-period. (¶27).

Plaintiff alleges that "most of" her overtime hours were not paid, implicitly admitting she received some overtime payment. (¶37).

## ARGUMENT

### A. Motion To Dismiss Standard

A motion under Rule 12(b)(6) challenges the sufficiency of the complaint to state a claim upon which relief may be granted." *Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp.* v. *Twombly*, 550 U.S. 544, 570 (2007)); *see also McCauley v. City of Chicago,* 671 F.3d 611, 615 (7th Cir. 2011) (same). These allegations

---

[3] Many of Plaintiffs' allegations are about purported "Therapists" generally, and do not allege specific facts about herself. (*See, e.g.,* ¶¶2, 6, 9-11, 15-19, 38, 41-43, 46, 51-54

3

"must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "The allegations that are entitled to the assumption of truth are those that are factual, rather than mere legal conclusions." *Iqbal*, 556 U.S. at 678-79. Under *Twombly*, 550 U.S. at 555, a complaint that offers conclusions, formulaic recitations of a cause of action's elements, or "naked assertions" devoid of adequate factual elaboration is insufficient. *See also Alamo v. Bliss*, 864 F.3d 541, 549 (7th Cir. 2017) ("[w]hile a plaintiff need not plead detailed factual allegations to survive a motion to dismiss, she still must provide more than mere labels and conclusions or a formulaic recitation of the elements of a cause of action for her complaint to be considered adequate.")(quoting *Bell v. City of Chicago*, 835 F.3d 736, 738 (7th Cir. 2016)(in turn, quoting *Iqbal*, 556 U.S. at 678).

Applying these standards here, Plaintiffs' FLSA and IMWL claims each fail.

**B. Plaintiff's FLSA Claim Fails Because She Does Not Allege Sufficient Facts To Suggest She Worked Overtime Without Pay In Any Week**

In *Hirst*, 910 F.3d 961, in upholding the dismissal of an FLSA claim based on a minimum wage violation, the Seventh Circuit made clear that the same standards apply to claims for unpaid overtime compensation. *Id.* at 966. As the Seventh Circuit stated:

> Several federal circuits have analyzed the minimum pleading requirements for FLSA claims under a similarly constructed provision governing overtime pay, 29 U.S.C. § 207(a)(1). For example, the Second and Ninth Circuits have held that for overtime claims, plaintiffs must "allege facts demonstrating there was *at least one* workweek in which they worked in excess of forty hours and were not paid overtime wages." *Landers v. Quality Comm., Inc.*, 771 F.3d 638, 646 (9th Cir. 2014) (emphasis added) (citing *Dejesus v. HF Mgmt. Servs., LLC*, 726 F.3d 85, 90 (2nd Cir. 2013)). Though plaintiffs need not necessarily plead specific dates and times that they worked undercompensated hours, they must "provide some factual context that will nudge their claim from

> conceivable to plausible." *Hall*, 846 F.3d at 777 (emphasis in original) (quoting *Dejesus*, 726 F.3d at 90

*Id.* at 966. The Court found that "no plaintiff did so." Therefore, the Court affirmed dismissal, noting the District Court's "thorough and detailed analysis." *Id*.

In fact, every Circuit that has considered the issue after *Iqbal* has held that overtime claimants must, at the very least, "provide sufficient factual allegations to support a reasonable inference that he or she worked more than forty hours in at least one workweek and that his or her employer failed to pay the requisite overtime premium for those hours." *Hall v. DIRECTV, LLC*, 846 F.3d 757, 777 (4th Cir. 2017); *see also Landers v. Quality Cmmc'ns, Inc.*, 771 F.3d 638, 645 (9th Cir. 2014); *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014); *Manning v. Boston Med. Ctr. Corp.*, 725 F.3d 34, 46 (1st Cir. 2013); *Lundy v. Catholic Health Sys. of Long Island, Inc.*, 711 F.3d 106, 114 (2d Cir. 2013); *Pruell v. Caritas Christi*, 678 F.3d 10, 13 (1st Cir. 2012).

Consistent with this clear line of appellate authority, multiple District Courts in this Circuit have dismissed FLSA overtime claims for failing to "'raise a right' to overtime compensation 'above a speculative level.'" *Walker v. Walgreens Specialty Pharmacy, LLC*, 2023 WL 5334609, *15 (N.D. Ill. Aug. 18, 2023) (quoting *McCaughley*, 671 F.3d at 616)(Jenkins, J.).

Thus, in *Walker*, plaintiffs claimed that their employer required them to perform off the clock the time they spent booting up and powering down their computer systems to clock in and clock out. *Id*. at *3. Like Hovorka here, plaintiffs in *Walker* claimed that they "regularly worked 40 or more hours per week," and that, as a consequence of Walgreens' willful refusal to track the time they spent executing these tasks, they were (1) not paid for all hours worked and (2) did not receive sufficient overtime compensation for weeks in which they worked more than 40 hours.

5

4875-5198-0972.2

*Id.* The District Court held that this was not enough. The Court (Judge Jenkins) noted that "Plaintiffs *do* need to provide factual context—beyond threadbare allegations of uncompensated overtime—sufficient to " 'nudge' " their claims ' 'from conceivable to plausible.' ' *Hall*, 846 F.3d at 777 (quoting *Dejesus*, 726 F.3d at 90). And they cannot satisfy this standard by 'parrot[ing] the statutory language of the FLSA.' *Landers*, 771 F.3d at 643." *Id*. at *16.

In *Walker*, plaintiffs alleged they worked "40 hours or more" in a week, but the Court emphasized that dismissal would still be required if they alleged they worked "more than 40 hours in a week." *Id*. at *17. Judge Jenkins cited the Fourth Circuit's holding in *Hall*, stating:

> As the Fourth Circuit explained in *Hall*, "plaintiffs seeking to overcome a motion to dismiss must do more than merely allege that they regularly worked in excess of forty hours per week without receiving overtime pay." 846 F.3d at 777. Such an allegation must be supported with specific factual context. What this context could look like varies with the case. The Fourth Circuit identified several examples, including, for instance, estimates of " 'the length of [the plaintiff's] average workweek during the applicable period.' " *Id.* (quoting *Landers*, 771 F.3d at 645). Plaintiffs' complaint is completely devoid of such factual context and fails on this ground as well.

Hovorka's Second Amended Complaint is likewise "completely devoid" of "factual context." Hovorka does not allege the average length of her workweek. She does not approximate the average number of hours she worked overtime. She gives no facts, and instead merely repeats conclusory assertions.

Many other District Courts in this Circuit find similarly. Thus, In *Hayes v. Thor Motor Coach, Inc.*, 2019 WL 6352493, at *3 (N.D. Ind. Nov. 27, 2019), the Northern District of Indiana held similarly, also citing the same holding in *Hall* cited in Walker, as discussed above. In addition, the *Hayes* Court highlighted the First Circuit's decision in *Pruell*, 678 F.3d 10, 13 (1st

6

Cir. 2012), as providing an example of allegations that did not "nudge" the plaintiff's claim from conceivable to plausible, stating:

> In *Pruell*, 678 F.3d at 13, the plaintiffs alleged, among other things, that they "regularly worked" hours over 40 in a week and were not compensated for such time. The court characterized these allegations as "one of those borderline phrases" that while not necessarily an "ultimate legal conclusion," was "little more than a paraphrase of the statute." *Id.* The district court, relying on *Twombly*, 550 U.S. at 562, and *Iqbal* 556 U.S. at 678, decided to dismiss the amended complaint, saying "even the amended complaint does not provide examples (let alone estimates as to the amounts) of such unpaid time for either plaintiff or describe the nature of the work performed during those times." *Id.* The First Circuit affirmed the district court's dismissal of the complaint for failure to state an FLSA claim but remanded to allow the plaintiffs to amend their complaint. *Id.* at 15

The *Hayes* Court thus concluded that "the complaint lacks enough factual allegations to swing the pendulum of this crafted claim from probable to plausible. Instead, Ms. Hayes offers a variety of generic statutory paraphrasing that mimics a violation of the FLSA. This is not enough to withstand a motion to dismiss: it fails to provide the court with adequate information to find a valid and plausible claim under the FLSA." Where the Plaintiff in Hayes used the phrase "regularly worked," Hovorka uses the like phrase "routinely worked." That is equally deficient and equally requires dismissal here.

Multiple other Northern District cases find similarly, including *Bland v. Edward D. Jones & Co., L.P.*, 2020 WL 1503574, at *7 (N.D. Ill. Mar. 30, 2020)(allegations that employee "routinely worked in excess of 40 hours per week" was "formulaic and conclusory" and insufficient under *Hirst* and related authority); *Vann v. Dolly, Inc.*, 2019 WL 175589 (N.D. Ill. Apr. 24, 2019)("Similar to the complaint in *Hirst*, Plaintiffs' allegations do not provide enough information to survive a motion to dismiss. Plaintiffs state that Dolly agreed to pay them an

7

hourly wage, but do not indicate their hourly compensation. Plaintiffs allege that they were not compensated for their time spent booking jobs, reviewing e-mails, or attending a one-time training, but do not indicate the amount of paid or unpaid work they performed in a workweek. Indeed, Plaintiffs fail to allege the amount which they were compensated for any workweek. Without these details, the Court cannot determine whether Plaintiffs' wages fell below the floor provided by the FLSA."); *Parks v. Speedy Title & Appraisal Review Servs.,* 318 F. Supp. 3d 1053, 1069 (N.D. Ill. 2018)(dismissing FLSA claim where plaintiff had stated dates of her employment and approximate salary, but not how many hours she worked in a week or how many overtime hours she worked without being paid the proper salary); *Hughes v. Scarlett's G.P., Inc.*, 2016 WL 4179153, at *3 (N.D. Ill. Aug. 8, 2016)( "Instead of identifying a single instance of any named plaintiff working more than forty hours in a week without due compensation, Plaintiffs generally allege that, 'at times ... each did ... [and] [t]his does not constitute 'factual matter' as required by ... federal pleading standards."); *Trujillo v. Mediterranean Kitchens*, 2017 WL 2958240, at *1 (N.D. Ill. July 11, 2017) ("courts of this district have generally agreed that a plaintiff must plead details beyond having worked more than 40 hours without overtime to state a claim under the FLSA"); *Labriola v. Clinton Entmt Mgmt., LLC*, 2016 WL 1106862 (N.D. Ill. Mar. 22, 2016)( "in order to survive a motion to dismiss, a plaintiff must at least allege forty hours of work in a given work week as well as some uncompensated time in excess of the forty hours"); *Kwan Bam Cho v. GCR Corp.*, 2013 WL675066, at *2 (N.D. Ill. Feb. 22, 2013)(without specific detail about how many hours plaintiffs had worked and what they were paid, FLSA claim failed); *Robertson v. Steamgard*, 2012 WL 1232090, at *1 (N.D. Ill. Apr. 12, 2012)(plaintiff's claim that he regularly worked more than 40 hours per week but was not paid the proper overtime premium was insufficient);

*Wilson v. Pioneer Concepts Inc.,* 2011 WL 3950892 (N.D. Ill. Sept.1, 2011) (dismissing FLSA claim based on allegations that the plaintiff and other unidentified employees worked an unidentified number of extra hours and worked overtime without compensation); *cf. Gibbs v. Abt Electronics, Inc.*, 2022 WL 1641952 (N.D. Ill. May 24, 2022)(dismissing Illinois Wage Payment Collection Act claim where the "IWPCA claim does little more than allege the failure to pay overtime.").

Thus, Plaintiff's FLSA claim should be dismissed.

C. **Plaintiff's Failure To Allege Any Week Of Overtime Equally Dooms Her IMWL Claim**

The same legal standard applies to allegations of failure to pay overtime under the IMWL as under the FLSA. *See Condo v. Sysco Corp.*, 1 F.3d 599, 601n.3 (7th Cir. 1993)(noting that the parties agreed that the FLSA and IMWL provisions were "coextensive" and that this was supported by Illinois administrative law and case law; also describing the IMWL as a "parallel" statute to FLSA). As a result, courts that have dismissed FLSA claims as being factually deficient, have likewise dismissed IMWL claims in the same action as deficient. *See, e.g.*, *Vann*, 2019 WL 1785589, at *2 (finding that "the same analysis" applied to FLSA and IMWL claims, requiring dismissal of both); *Hughes,* 2016 WL 4179153, at *4 (holding that the "same general analysis" applied to both the FLSA and IMWL claims and required dismissal of both); *Knapp v. City of Markham*, 2011 WL 3489788, at * 8 (N.D. Ill. Aug. 9, 2011); *Nicholson v. UTI Worldwide, Inc.*, 2010 WL 551551, at *4 (S.D. Ill. Feb. 12, 2010) (noting the same with respect to the IMWL).

This clear body of law requires that Plaintiff's IMWL claim also be dismissed.

9

**CONCLUSION**

For the foregoing reasons, this Court should dismiss Plaintiff's Second Amended Complaint in its entirety and with prejudice.

Dated: March 13, 2024

FOLEY & LARDNER LLP

/s/ David B. Goroff
David B. Goroff
Email: dgoroff@foley.com
Foley & Lardner LLP
321 North Clark Street, Ste. 3000
Chicago, IL 60654
Telephone: 312.832.4500

Diane G. Walker
Email: dwalker@walkermortonllp.com
Kristen W. Roberts
Email: kroberts@walkermortonllp.com
Walker Morton LLP
1401 Branding Avenue
Downers Grove, IL 60515

4875-5198-0972.2