## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

LINDA HOVORKA,

Plaintiff,

v.

SELECT REHABILITATION LLC,

Defendant.

Case No. 23-cv-05192

Judge Mary M. Rowland

## MEMORANDUM OPINION AND ORDER

Plaintiff Linda Hovorka has sued Defendant Select Rehabilitation LLC ("Select" or "Defendant") pursuant to 29 U.S.C. 207 of the Fair Labor Standards Act (the "FLSA") and 820 ILCS 105/4a of the Illinois Minimum Wage Law (the "IMWL"). Before the Court now is Select's motion to dismiss Hovorka's complaint for failure to state a claim [42]. For the reasons stated herein, Select's motion to dismiss is denied.

### I.  Background

The following factual allegations taken from the operative complaint [39] are accepted as true for the purposes of the motion to dismiss. *See Lax v. Mayorkas*, 20 F.4th 1178, 1181 (7th Cir. 2021). Hovorka worked for Select between June 2012 and April 2022. [39] ¶ 26. She worked initially as a physical therapy assistant and later as an hourly, non-exempt therapist. [39] ¶ 26. During the last three years of her employment, Hovorka worked in excess of forty hours "each and every workweek" and was not compensated for that work. [39] ¶¶ 8, 87.

1

Hovorka alleges that Select maintained a "de facto" policy that required therapists, including Hovorka, to work overtime hours off the clock to maintain productivity and efficiency requirements set by Select. [39] ¶¶ 9 – 12. Failure to meet Select's productivity requirements on three occasions would result in termination. [39] ¶ 13. Hovorka's managers knew that Hovorka worked unpaid overtime off the clock. [39] ¶¶ 14, 38. Some of Hovorka's managers themselves were subject to the same productivity requirements and worked overtime off the clock to avoid termination. [39] ¶ 14.

Hovorka was required to work overtime in order to enter treatment or therapy notes in Select's electronically stored electronic medical record ("EMR") database and software. [39] ¶ 34. If Hovorka had failed to so, she risked losing her job and her therapy license [39] ¶ 43. But if she had accurately logged her hours, Hovorka would have failed to meet Select's productivity requirements and been terminated as a result. [39] ¶ 42.

## II. Standard

"To survive a motion to dismiss under Rule 12(b)(6), the complaint must provide enough factual information to state a claim to relief that is plausible on its face and raise a right to relief above the speculative level." *Haywood v. Massage Envy Franchising, LLC*, 887 F.3d 329, 333 (7th Cir. 2018) (quoting *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014)); *see also* Fed. R. Civ. P. 8(a)(2) (requiring a complaint to contain a "short and plain statement of the claim showing that the pleader is entitled to relief"). A court deciding a Rule 12(b)(6) motion

2

"construe[s] the complaint in the light most favorable to the plaintiff, accept[s] all well-pleaded facts as true, and draw[s] all reasonable inferences in the plaintiff's favor." *Lax*, 20 F.4th at 1181. However, the court need not accept as true "statements of law or unsupported conclusory factual allegations." *Id.* (quoting *Bilek v. Fed. Ins. Co.*, 8 F.4th 581, 586 (7th Cir. 2021)). "While detailed factual allegations are not necessary to survive a motion to dismiss, [the standard] does require 'more than mere labels and conclusions or a formulaic recitation of the elements of a cause of action to be considered adequate.'" *Sevugan v. Direct Energy Servs., LLC*, 931 F.3d 610, 614 (7th Cir. 2019) (quoting *Bell v. City of Chicago*, 835 F.3d 736, 738 (7th Cir. 2016)).

Dismissal for failure to state a claim is proper "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Deciding the plausibility of the claim is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)).

### III.  Analysis

Hovorka brings one count under the IMWL and one count under the FLSA alleging that Select failed to pay her overtime for the hours she worked in excess of 40 a week. Select moves to dismiss both counts. "The FLSA requires employers to pay overtime to [non-exempt] employees who work more than 40 hours in a work week." *Kellar v. Summit Seating Inc.*, 664 F.3d 169, 173 (7th Cir. 2011) (citing 29 U.S.C. § 207(a)). When determining whether a plaintiff has stated a claim under the IMWL

3

and the FLSA, courts apply the same standard. *Haynes v. Tru-Green Corp.*, 507 N.E.2d 945, 951 (Ill. App. Ct. 1987) ("The same analysis which applies to a violation of the FLSA applies to [the IMWL].")*; Chagoya v. City of Chi.,* 992 F.3d 607, 615 n.21 (7th Cir. 2021) ("Because the IMWL parallels the language of the FLSA, the parties agree that the same standard applies to the operators' claims under the FLSA and the IMWL. Accordingly, we analyze the FLSA and IMWL claims together.").

Under the FLSA, a "plaintiff states a claim for relief if she alleges that she was owed time-and-a-half for overtime work but did not receive it." *Luna Vanegas v. Signet Builders, Inc.*, 46 F.4th 636, 639 (7th Cir. 2022), cert. denied, 144 S. Ct. 71, 217 L. Ed. 2d 10 (2023). Despite this seemingly simply directive, courts differ in the degree of specificity needed to state a claim. *See Lundy v. Catholic Health Sys. of Long Island, Inc.*, 711 F.3d 106, 114 (2d Cir. 2013) (surveying approaches). Specifically, courts have disagreed about whether a plaintiff must allege that they worked more than 40 hours in a given workweek without overtime pay, *see Hughes v. Scarlett's G.P., Inc.*, 2016 WL 4179153, at *3 (N.D. Ill. Aug. 8, 2016), or whether it is sufficient for a plaintiff to allege only that they "regularly" worked over forty hours per week without receiving overtime pay. *See Nava v. Barton Staffing Sols., Inc.*, No. 15 C 7350, 2016 WL 3708684, at *2 (N.D. Ill. Jan. 11, 2016).

The Seventh Circuit has not ruled on this issue in the context of overtime claims, but its analysis of minimum wage claims brought under the FLSA is instructive. In *Hirst*, the Seventh Circuit held that a plaintiff bringing a minimum wage claim under 29 U.S.C. § 206 "must provide sufficient factual context to raise a

4

plausible inference there was *at least one workweek* in which he or she was underpaid." *Hirst v. Skywest, Inc.*, 910 F.3d 961, 966 (7th Cir. 2018) (emphasis added). Simply alleging that a plaintiff regularly worked hours without being paid at least the minimum wage is not sufficient. *See id.* In adopting the "at least one workweek" standard for minimum wage claims, the Seventh Circuit approvingly cited decisions from other circuits that applied the same standard to overtime claims. 910 F.3d at 965-66 (citing *Landers v. Quality Comm., Inc.*, 771 F.3d 638, 646 (9th Cir. 2014); *Dejesus v. HF Mgmt. Servs., LLC*, 726 F.3d 85, 90 (2nd Cir. 2013)). Accordingly, it stands to reason that if the Seventh Circuit were to decide this issue regarding overtime claims, it would likewise hold that a plaintiff must allege a sufficient factual context to raise an inference that a plaintiff was underpaid for overtime work for at least one workweek.

Even under this stricter standard, Hovorka's complaint here is sufficient to state a claim. Hovorka has alleged with precision exactly which workweeks she was underpaid for overtime work—she alleges this occurred in "in each and every workweek within the 3 years preceding" her complaint. [39] ¶ 87. Her allegations also describe a detailed factual context in which she was coerced into working overtime without pay. Hovorka alleges Select functionally required her to work unpaid overtime because if she had accurately logged her hours, she would have been terminated for failure to meet Select's productivity requirements. Hovorka alleges that Select knew about this practice, that it was commonplace among her coworkers, and that even Hovorka's managers were forced to work unpaid overtime to avoid

termination. These allegations are more than sufficient to raise Hovorka's claims "above the speculative level." *Haywood v. Massage Envy Franchising, LLC*, 887 F.3d 329, 333 (7th Cir. 2018).

Select argues that Hovorka's allegations that she worked more than forty hours "each and every workweek" are no different from other claims where a plaintiff alleges they "routinely" or "regularly" work unpaid overtime that courts have dismissed as conclusory. [52] at 4. The Court disagrees. "Each and every" means what it says—Hovorka has alleged that Select violated 29 U.S.C. § 207(a)(1) every single week in the three years preceding this case. Select cannot uniformly deny overtime pay to an employee and then argue that the employee's uniform allegations are a basis for dismissal. *See Diaz v. E&K Cleaners, Inc.*, 2018 WL 439120, at *2 (N.D. Ill. Jan 16, 2018) (plaintiffs adequately pled an overtime claim when they alleged that were always paid for fewer hours than they worked).

Select also argues that Hovorka fails to state a claim because she does "not allege for any week the total hours she worked, her total compensation, her overtime hours, or the amount of overtime pay she allegedly is owed." [52] at 2. But Hovorka is not required to make any such allegations. *See Dalton v. Sweet Honey Tea, Inc.*, No. 23 CV 01793, 2023 WL 8281524, at *6 (N.D. Ill. Nov. 30, 2023) (plaintiff not required to allege "the hours worked, how much she was actually paid, and how much she was owed" to state a claim). The exact number of hours and weeks of underpaid overtime is a level of detail that can be more appropriately "addressed at summary judgment on a fully developed factual record." *Id*. at *7.

6

## IV.    Conclusion

For the stated reasons, Defendant's Motion to Dismiss [42] is denied.


E N T E R:

Dated: October 30, 2024

_____
MARY M. ROWLAND
United States District Judge